**Doris C. BAKER and Billy Carl Baker, Appellants,**

**v.**

**Samuel I. JONES, Appellee.**

**No. 4347.**

District of Columbia Court of Appeals.

Argued Nov. 13, 1968.

Decided April 3, 1969.

Joel D. Sacks, Washington, D.C., for appellants.

William A. Mann, Washington, D.C., with whom Allan C. Swingle, Washington, D.C. was on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and GALLAGHER, Associate Judges.

PER CURIAM:

This appeal is from a judgment on a jury verdict in favor of the defendant in a negligence case arising from a collision between two automobiles. The claim of error here essentially is that appellants were denied a fair and impartial trial by reason of the trial court's prejudicial conduct in unduly questioning plaintiffs' witnesses, in interposing objections to questions propounded by plaintiffs' attorney, in unduly limiting the time allowed plaintiffs' attorney in closing argument, and in giving a confusing and misleading charge to the jury. The net result, plaintiffs say, is that they were denied their day in court. Because of the gravity of this charge, we have examined the record with particular care.

It is clear from the record that the trial court talked too much, too frequently intruded the examination of witnesses, and more than once made comments completely irrelevant to any issue in the case. It is also true that the trial court's charge to the jury was far from a model of clarity. But neither was plaintiffs' counsel without fault. His inept and leading questions often occasioned the court's interruption of the testimony.

Despite the imperfections in the trial, and no trial is ever perfectly conducted,

we are not satisfied that reversible error was committed. The case was a fairly simple one. Defendant's automobile had struck plaintiffs' automobile from the rear. The issues were whether the collision resulted from defendant's failure to observe plaintiffs' stopped car and to avoid striking it, or resulted from the sudden stoppage of plaintiffs' car without warning, or resulted from the combined fault of both drivers.

We are convinced that both parties were allowed to fully develop their sides of the issues, that the issues were submitted to the jury, that the jury understood the issues, and that therefore the verdict must stand.

Affirmed.